UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CHEMISE ELLIS** | **CIVIL ACTION NO. 3:25-1134** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JUDGE THOMAS ROGERS** | **MAG. JUDGE KAYLA DYE MCCLUSKY** |

### REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff Chemise Ellis' civil rights Complaint filed pursuant to 42 U.S.C. § 1983. Ellis, who is proceeding pro se and in forma pauperis in this matter, seeks relief against the sole Defendant, Judge Thomas Rogers ("Judge Rogers"), a district court judge in the Third Judicial District, Parish of Lincoln, State of Louisiana. Ellis further seeks service of her Complaint by the United States Marshals Service.

For reasons stated below IT IS RECOMMENDED that Plaintiffs' claims, except for those of injunctive and declaratory relief, be DISMISSED WITH PREJUDICE as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages against a defendant who is immune from suit, pursuant to the provisions of 28 U.S.C. § 1915(e)(2). IT IS FURTHER RECOMMENDED that her claims for injunctive and declaratory relief be DISMISSED WITHOUT PREJUDICE. Her motion for service is DENIED AS MOOT.

### I. BACKGROUND

Ellis brought this § 1983 action against Judge Rogers, alleging violations of her rights

under the Fifth and Fourteenth Amendments "during state court proceedings conducted by" Judge Rogers on June 25, 2025. [doc. #1]. She asserts claims against him in his individual and official capacities.

On the date alleged, Ellis contends that she appeared before Judge Rogers on a traffic citation and "attempted to challenge the court's jurisdiction and requested that the matter be addressed and established on the record." [doc. #1]. According to Ellis, Judge Rogers refused to hear the jurisdictional challenge, dismissing it as "'sovereign talk,'" and asked for her plea. *Id.*

Despite her citation to the Fourth and Fourteenth Amendments, Ellis alleges that Judge Rogers' failure to address her jurisdictional challenge violated Federal Rule of Civil Procedure 12(h)(3), requiring that subject matter jurisdiction be determined "before proceeding." *Id.*

Citing *Goldberg v. Kelly*, 397 U.S. 254 (1970), and *Mathews v. Eldridge*, 424 U.S. 319 (1976), Ellis argues that Judge Rogers violated her basic due process rights and set a trial date of July 16, 2025, as if jurisdiction had been established, causing Ellis to incur economic hardship traveling from her home in Houston, Texas, to Louisiana.

She asserts two counts against him: denial of due process in violation of the Fourteenth Amendment (Count I) and acting in clear absence of jurisdiction (Count II). Ellis "suffered" emotional distress damages of $50,000; travel-related expenses and vehicle wear of $5,000; and "Constitutional violations and loss of dignity" damages of $45,000. She seeks a declaratory judgment under 28 U.S.C. § 2201 that Judge Rogers violated her constitutional rights; injunctive relief under 28 U.S.C. § 2202 to "halt unlawful proceedings absent proper jurisdiction";

compensatory and punitive damages of $100,000; and attorney's fees and costs under 42 U.S.C. § 1988. She also demands a jury trial.

## II. LAW & ANALYSIS

**A.     Frivolity Review**

The undersigned granted Ellis leave to proceed in forma pauperis in this matter. Accordingly, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for sua sponte dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). The statute applies to prisoner and non-prisoner cases. *See Patel v. United Airlines*, 620 F. App'x 352 (5th Cir. 2015) (per curiam) (applying Section 1915 to non-prisoner pro se litigant); *James v. Richardson,* 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.").

In reviewing Ellis' Complaint, the Court must "accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff[]." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (internal quotation marks and citation omitted). Further, a pro se litigant's pleadings are to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless, her complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact. 28 U.S.C. § 1915(e)(2)(B)(i); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.,* 112 F.3d at 193 (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). A complaint lacks an

arguable basis in fact "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 160 (5th Cir. 1995).

**B.     Section 1983**

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *West v. Atkins,* 487 U.S. 42 (1988).

While Ellis asserts two causes of action, they both arise under Section 1983. Accordingly, they will be addressed together.  First, to the extent she seeks damages from the sole Defendant, Judge Rogers, he is entitled to absolute immunity.  "Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).  When assessing the entitlement to judicial immunity, the Fifth Circuit has held that "[i]t is the Judge's actions alone, not intent, that we must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). Judicial immunity "can be overcome in two sets of circumstances: (1) 'a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity'; and (2) 'a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Ballard,* 413 F.3d at 515 (quoting *Mireles*, 502 U.S. at 11-12).  A judge's actions are judicial in nature if they are "normally performed by a judge" and the parties

affected "dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)).[1] In this case, it is crystal clear that Judge Rogers was acting in his capacity as a judge when attempting to obtain information from Ellis in open court and subsequently set a return court date for a trial on her traffic citation. While Ellis would like to characterize this matter as one lacking in provable jurisdiction, she is plainly wrong.

Although Ellis' jurisdictional arguments are not entirely clear, she states that she did not "consent" to the court's exercise of jurisdiction or that of the State of Louisiana. [doc. #1-2]. She further apparently demanded that Judge Rogers explain to her how the Court and he had jurisdiction over her. To the extent that Ellis is arguing that Judge Rogers is not entitled to immunity because he acted in "clear absence of all jurisdiction," *Stump v. Sparkman*, 435 U.S. 349, 356–7 (1978), her argument fails on this basis as well. The state constitution mandates the state be divided into judicial districts, each composed of at least one parish and served by at least one district judge. LA. CONST. ART. 5, § 14. Judge Rogers is a district court judge in the Third Judicial District, composed of Lincoln and Union Parishes. La. Rev. Stat. 13:477. In that role, Judge Rogers is charged with adjudicating criminal and civil matters which arise in the District. While Ellis failed to divulge what "traffic citation" she received, Judge Rogers enjoyed at least some basis for subject matter jurisdiction, which is all that is needed to retain judicial immunity. *See Kastner v. Lawrence*, 390 Fed. Appx. 311, *2 (5th Cir. July 23, 2010) (unpubl.) (judge entitled to absolute immunity, despite his failure to follow certain procedures). If Ellis is contending that

---

[1] Courts consider four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Ballard*, 413 F.3d at 515. "These factors are broadly construed in favor of immunity." *Id*. "Immunity may be applied even if one or more of these factors is not met." *Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017).

the Third Judicial District Court, and, hence, Judge Rogers lacked personal jurisdiction over her in this criminal matter, La. C. Cr. P. arts. 16 and 17 recognize the criminal jurisdiction of courts. *State v. Otkins-Victor*, 15-340, p. 82 (La. App. 5 Cir. 5/26/16); 193 So.3d 479, 535, writ denied sub nom. *State ex rel. Otkins-Victor v. State*, 2016-1495 (La. 10/15/18); 253 So.3d 1294; *see also Du Bois v. Warne*, 336 Fed. App'x. 407, 409 (5th Cir. 2009). In addition to the clear authority provided to Judge Rogers, Ellis' understanding of the "absence of jurisdiction" exception is wrong: that exception refers to situations where the judge acted purely in a private and non-judicial capacity. *Henzel v. Gerstein*, 608 F.2d 654, 658 (5th Cir.1979) (citation omitted). Those circumstances are not present here.

Further, to the extent that Ellis seeks declaratory and injunctive relief, the Court cannot exercise jurisdiction over these claims. Ellis provides evidence that Judge Rogers set her traffic violation for trial in July 2025, but it is not clear whether the trial went forward or if the traffic charges remain pending. In either case, this Court cannot intervene. If the case is ongoing, then under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must decline to interfere with state criminal (or, in this case, traffic citation) proceedings "except in extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Rodriguez v. Salazar*, 2019 U.S. Dist. LEXIS 188892, 2019 WL 5624756, at *1 (W.D. Tex. Oct. 31, 2019). The Fifth Circuit has emphasized that the federal court must abstain from exercising jurisdiction over a dispute when (1) the dispute involves an ongoing state judicial proceeding, (2) the subject matter of the dispute implicates important state interests, and (3) the ongoing state proceedings afford adequate opportunities for raising the constitutional challenges. *Louisiana v. Ashworth*, 2024 U.S. Dist. LEXIS 233021, *1 (W.D. La., Dec. 19, 2024) (citing *Wightman v. Tex.*

*Sup. Ct.*, 84 F.3d 188, 189-90 (5th Cir. 1996)).  Of course, the State of Louisiana has an important interest in enforcing its laws and regulations, including traffic laws. *Id.* at *2. Ellis may raise her challenge in the state court through its appeal and writ processes.  Additionally, she has not shown any type of extraordinary circumstances which would support intervention.

If, on the other hand, the state court proceedings are now complete and Ellis seeks to challenge a ruling or judgment of the Third Judicial District Court through this federal lawsuit, she is barred from doing so by the *Rooker-Feldman* doctrine.  That doctrine prevents district courts from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Thus, this Court lacks jurisdiction to consider Ellis' challenges to her traffic citation.  *See, e.g., Erlandson v. Northeglenn Mun. Court*, 528 F.3d 785, 789-90 (10th Cir. 2008) (concluding that the court, pursuant to the Rooker-Feldman doctrine, lacked subject matter jurisdiction over § 1983 challenges to municipal court conviction for littering); *Algoe v. State of Texas*, Civil Action No. 3:15-CV-1162-D (consol. with 3:15-CV-1204-D), 2016 WL 6902154, at *8-9 (N.D. Tex. Sep. 29, 2016), rec. accepted 2016 WL 6893682 (N.D. Tex. Sep. 21, 2016) (concluding that court lacked jurisdiction under the *Rooker-Feldman* doctrine where the plaintiff "sought review and oversight of three state municipal traffic cases in which he was found guilty."), rec. accepted 2016 WL 6893682 (N.D. Tex. Sep. 21, 2016).

Finally, given the language used and the type of arguments Ellis has made in this Court, it appears that she **IS,** as Judge Rogers thought, making a claim of sovereign citizenship.  Her arguments are also frivolous on that basis.

> The "Sovereign Citizens" movement is based on a theory where [Sovereign Citizens] view the "USG [U.S. Government] as bankrupt and without tangible assets; therefore, the USG is believed to use citizens to back U.S. currency. Sovereign citizens believe the USG operates solely on a credit system using American citizens as collateral." *El v. AmeriCredit Fin. Servs., Inc.,* 710 F.3d 748, 750 (7th Cir. 2013) (citation omitted); *see also Cooper v. United States*, 104 Fed. Cl. 306, 313–314 (2012) (explaining that "an individual who identifies with the Sovereign Citizen Movement considers himself to be his own sovereign, not a United States citizen, and therefore 'believe[s] that [he is] not subject to government authority.' *Gravatt v. United States,* 100 Fed. Cl. 279, 282 (2011). Members of this movement think that [t]he federal government … has tricked the populace into becoming U.S. citizens by entering into 'contracts' embodied in such documents as birth certificates and social security cards. With these contracts, an individual unwittingly creates a fictitious entity (i.e., the U.S. citizen) that represents, but is separate from, the real person. Through these contracts, individuals also unknowingly pledge themselves and their property, through their newly created fictitious entities, as security for the national debt in exchange for the benefits of citizenship.").

*United States v. Graham*, 452 F. Supp. 3d 871, 881 n.2 (D. Minn. 2020), aff'd, 2020 WL 6326339 (8th Cir. June 4, 2020). Despite the continued attempts to rely on these arguments, as a sister court in Texas has observed,

> Courts routinely dismiss sovereign citizen claims . . . *Berman v. Stephens*, No. 4:14-CV-860-A, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases) ("His reliance on the UCC or a so-called 'sovereign citizen' theory that he is exempt from prosecution and beyond the jurisdiction of the state or federal courts is frivolous. The same or similar arguments have been repeatedly rejected by other courts and are rejected by this Court."); *see also, e.g., Mason v. Anderson*, No. CV H-15-2952, 2016 WL 4398680 (S.D. Tex. Aug. 18, 2016).

*Davis v. Weatherford Mun. Ct.,* No. 4:19-CV-00502-P-BP, 2019 WL 7484130, at *4 (N.D. Tex. Dec. 20, 2019), report and recommendation adopted, No. 4:19-CV-00502-P-BP, 2020 WL 59511 (N.D. Tex. Jan. 6, 2020); *see also Berman v. Stephens*, No. 4:14-CV-860-A, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases rejecting the same or similar arguments and stating that a plaintiff/petitioner's "claimed status as a secured-party creditor or a sovereign citizen"

does not render him "beyond the jurisdiction of the courts" or entitle him to relief) (citation omitted).

In a variation on the sovereign citizen theme, the undersigned and other courts are now made to listen to the argument that courts cannot exercise jurisdiction over an individual unless the courts "prove" that they have a bond. These claims, too, are legally frivolous. A court's jurisdiction is not based on whether it has a bond or can provide the name of the bonding company or policy number, but on the laws and constitution of the state in which it operates.

Accordingly, it will be RECOMMENDED that Ellis' claims be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and as legally frivolous for purposes of 28 U.S.C. § 1915A(b).

### III. CONCLUSION

For reasons stated above, IT IS RECOMMENDED that all Ellis' claims, except those for injunctive and declaratory relief, be DISMISSED WITH PREJUDICE as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages against a defendant who is immune from suit. IT IS FURTHER RECOMMENDED that Ellis' claims for injunctive and declaratory relief be DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Ellis' motion for service be DENIED AS MOOT in light of the recommendation that her claims be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in

this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

MONROE, LOUISIANA, this 10th day of November, 2025.

                                                KAYLA DYE MCCLUSKY
                                       UNITED STATES MAGISTRATE JUDGE